**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__ District of __Texas__
(State)

Case number (*if known*): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | SpeedCast Singapore Pte. Ltd. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | ST Teleport Pte Ltd. |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | N/A |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 5A  Toh Guan Road, East #06-01 CWT, Jurong East Logistics Centre | |
| Number  Street | Number          Street |
| Singapore 608830 | P.O. Box |
| City  State  ZIP Code | City          State          ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| County | Number  Street |
| | City          State          ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.speedcast.com/ |

Debtor  **SpeedCast Singapore Pte. Ltd.**                                    Case number (if known) _____

Name

---

**6.  Type of debtor**

☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☒ Other.  Specify:    A Singapore private limited company

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above
    Satellite Communications Provider

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
    http://www.uscourts.gov/four-digit-national-association-naics-codes .
    5174

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11**.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the  Securities and Exchange Commission according to § 13 or 15(d) of the Securities  Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing  for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule  12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes   District _____   When _____   Case number _____
                                         MM/ DD/ YYYY

         District _____   When _____   Case number _____
                                         MM / DD/ YYYY

---

Debtor  SpeedCast Singapore Pte. Ltd.          Case number (if known) _____

_____
Name

| | | | |
|---|---|---|---|
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes | Debtor ___See attached Schedule 1___  Relationship _____<br><br>District _____  When _____<br><br>Case number, if known _____  MM / DD/ YYYY |

---

**11. Why is the case filed in this district?**

*Check all that apply:*

☐  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?**  (*Check all that apply.*)

☐  It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐  It needs to be physically secured or protected from the weather.

☐  It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐  Other _____

**Where is the property?** _____

| | |
|---|---|
| Number | Street |

| | | |
|---|---|---|
| City | State | ZIP Code |

**Is the property insured?**

☐  No

☐  Yes. Insurance agency _____

Contact Name _____

Phone _____

---

| | |
|---|---|
| ■ | **Statistical and administrative information** |

---

**13. Debtor's estimation of available funds**

*Check one:*

☒  Funds will be available for distribution to unsecured creditors.

☐  After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

| Debtor | SpeedCast Singapore Pte. Ltd. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

---

**15. Estimated assets**
(on a consolidated basis with all affiliated debtors)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**
(on a consolidated basis with all affiliated debtors)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING** – Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ▪ I have been authorized to file this petition on behalf of the debtor.

- ▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   <u>04/ 23/ 2020</u>
                            MM / DD / YYYY

✕   <u>/s/ Michael Healy</u>                        <u>Michael Healy</u>
     Signature of authorized representative of debtor        Printed name

     <u>Chief Restructuring Officer</u>
     Title

**18. Signature of attorney**

✕  <u>/s/ Alfredo R. Pérez</u>                 Date   <u>04/ 23 / 2020</u>
    Signature of attorney for debtor                              MM / DD / YYYY

<u>Alfredo R. Pérez</u>                          <u>Gary T. Holtzer</u>
Printed Name

<u>Weil, Gotshal & Manges LLP</u>               <u>Weil, Gotshal & Manges LLP</u>
Firm Name

<u>700 Louisiana Street, Suite 1700</u>          <u>767 Fifth Avenue</u>
Address

<u>Houston, Texas 77002</u>                      <u>New York, New York 10153</u>
City/State/Zip

<u>(713) 546-5000</u>                            <u>(212) 310-8000</u>
Contact Phone

<u>alfredo.perez@weil.com</u>                    <u>gary.holtzer@weil.com</u>
Email Address

<u>15776275</u>          <u>Texas</u>
Bar Number        State

---

## Schedule 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas. The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| COMPANY |
| --- |
| SpeedCast International Limited |
| SpeedCast UK Holdings Limited |
| CapRock UK Limited |
| CapRock Communications Pte. Ltd. |
| Speedcast Cyprus Ltd. |
| SpeedCast Limited |
| SpeedCast Group Holdings Pty Ltd |
| SpeedCast Americas, Inc. |
| SpeedCast Communications, Inc. |
| SpaceLink Systems, LLC |
| SpeedCast Australia Pty Limited |
| Satellite Communications Australia Pty Ltd |
| Oceanic Broadband Solutions Pty Ltd |
| SpeedCast Managed Services Pty Limited |
| Maritime Communication Services, Inc. |
| Telaurus Communications LLC |
| CCI Services Corp. |
| HCT Acquisition, LLC |
| Cosmos Holdings Acquisition Corp. |
| Globecomm Network Services Corporation |
| Hermes Datacommunications International Limited |
| SpeedCast Singapore Pte. Ltd. |
| SpaceLink Systems II, LLC |
| CapRock Comunicações do Brasil Ltda. |
| CapRock Participações do Brasil Ltda. |
| Speedcast Canada Limited |
| CapRock Communications (Australia) Pty Ltd |
| SpeedCast Norway AS |
| Globecomm Europe B.V. |
| NewCom International, Inc. |

| COMPANY |
| --- |
| Evolution Communications Group Limited |
| SpeedCast Netherlands B.V. |
| SpeedCast France SAS |

**SPEEDCAST SINGAPORE PTE. LTD.**
(UEN 199406603R)
(the "**Company**")

---

**RESOLUTIONS IN WRITING OF THE DIRECTORS OF THE COMPANY PURSUANT TO REGULATION 90 OF THE CONSTITUTION OF THE COMPANY**

---

1.    **NOTED THAT:**

(a)    The Company is a subsidiary of SpeedCast International Limited, a company organised under the laws of Australia ("**SpeedCast**").

(b)    SpeedCast and certain of its subsidiaries and affiliates (the "**SpeedCast Group**") are considering commencing cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

(c)    The board of directors of the Company (the "**Board**") has, with the assistance of (i) financial advice from its financial advisors, (ii) legal advice from outside counsel and the general counsel to SpeedCast, and (iii) management of SpeedCast and the Company, fully considered each of the strategic alternatives available to the Company and has had the opportunity to ask questions about the materials presented by management and the legal and financial advisors of SpeedCast and the Company regarding the liabilities and liquidity of the Company and the strategic alternatives.

(d)    Each of the directors confirms, by signing below, that he or she has declared the nature and extent of any interest, direct or indirect, he or she has or may have in the proposed transactions and arrangements noted in these resolutions in accordance with the Constitution of the Company and the Companies Act (Chapter 50) of Singapore (the "**Companies Act**"). No director is for any reason disqualified from approving the proposed resolutions.

(e)    The Board has determined that taking the actions set forth below are advisable and in the best interests of the Company and therefore desires to approve the following resolutions.

2.    **RESOLVED THAT:**

**I.    Commencement of Chapter 11 Case**

(a)    In the judgment of the Board, after consultations with counsel, management and its financial advisors, if the board of directors of SpeedCast resolves to approve the chapter 11 filings of the SpeedCast Group, it is desirable and in the best interests of the Company, its creditors and other interested parties, that a petition be filed by or on behalf of the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code.

(b)    If the board of directors of SpeedCast resolves to approve the chapter 11 filings of the SpeedCast Group, each officer of the Company, any director of the Company, any company secretary of the Company and any agent authorised by the Board, including Michael Healy, the Chief Restructuring Officer of SpeedCast (each a "**Responsible Officer**"), in each case, acting singly or jointly, be and hereby are authorised, empowered and directed, in the name and on behalf of the Company, to execute, verify and file petitions, schedules, statements, motions, lists, applications, pleadings, orders and other documents or to cause the same to be executed and filed in the name and on behalf of the Company in the Bankruptcy Court at such time that the Responsible Officer executing the same shall determine, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Responsible Officer, who may act without the joinder of any other Responsible

Officer, deems necessary, proper or desirable in connection with the Company's chapter 11 case (the "**Chapter 11 Case**"), including negotiating, executing, delivering and performing any and all documents, agreements, certificates and instruments in connection with the successful prosecution of the Chapter 11 Case, including the professional retentions set forth in this resolution.

## II.    DIP Financing

(c)    In connection with the Chapter 11 Case, it is in the best interests of the Company, as guarantor of SpeedCast Communications, Inc.'s (the "**DIP Facility Borrower**") obligations under the DIP Credit Agreement (as defined below), to guarantee the DIP Facility Borrower's obligations under the DIP Credit Agreement and it is to the further benefit and advantage of the Company to grant the security as set out in the Debenture (as defined below) and to consummate the transactions contemplated under that certain Senior Secured Superpriority Debtor-In-Possession Term Loan Credit Agreement (together with the Exhibits and Schedules annexed thereto, the "**DIP Credit Agreement**") in substantially the form attached hereto as **<u>Exhibit 1</u>** (or on such other terms as any Responsible Officer, who may act without the joinder of any other Responsible Officer deems necessary, proper, or desirable), to be entered into by and among SpeedCast, the DIP Facility Borrower and the lenders from time to time party thereto (the "**DIP Lenders**"), and Credit Suisse AG, Cayman Islands Branch, as administrative agent, collateral agent and the security trustee for the DIP Lenders (in such capacities, including any successor thereto, the "**DIP Agent**"), subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion and attainment of the business of the Company (collectively, the "**DIP Financing**").

(d)    Contingent upon the passing of the Shareholder Resolutions, the execution and delivery of the DIP Financing Documents (as defined below) by the Company to the extent the Company is party thereto and the consummation by the Company of the transactions contemplated thereunder, including (x) the guaranty of the obligations thereunder as provided in any guaranty, (y) the grant of a security interest in and liens upon substantially all of the Company's assets in favour of the secured parties (including the authorisation of financing statements in connection with liens) and (z) the execution, delivery and performance of all other agreements, instruments, documents, notices, or certificates constituting exhibits to the DIP Credit Agreement or that may be required, necessary, appropriate, desirable, or advisable to be executed or delivered pursuant to the DIP Credit Agreement or otherwise related thereto, including interest rate or currency hedging arrangements, and which shall include:

(i)    the DIP Intercreditor Agreement among the Parent, the Borrower, the Company, the borrowers party to the Pre-Petition First Lien Credit Agreement, the Collateral Agent, the Security Trustee, the Pre-Petition First Lien Security Agents and the other parties thereto (in each case as defined in the DIP Credit Agreement);

(ii)    the Guarantee Agreement among Parent, the Subsidiaries of Parent party thereto (including the Company), the Security Trustee and the Collateral Agent, for the benefit of the Secured Parties (in each case as defined in the DIP Credit Agreement);

(iii)    a security agreement between the Company as Chargor and the DIP Agent as Security Trustee (the "**Debenture**");

(iv)    the certificate to be signed by two directors of the Company or such other Responsible Officer(s), certifying and confirming various matters therein;

(v)    the third amendment to the syndicated facility agreement, dated as of May 15, 2018 by and among SpeedCast, the other borrowers party thereto, the subsidiary guarantors party thereto from time to time, the lenders party thereto from time to time (the "**Syndicated Facility Lenders**") and Credit Suisse AG, Cayman Islands Branch, as administrative agent and collateral agent (the "**Syndicated Facility Agreement**"), pursuant to which the Syndicated Facility Lenders constituting the "Required Lenders" under the Syndicated Facility Agreement have agreed to amend the Syndicated Facility Agreement in order to, among other things: (i) permit the entry by, among others, the

Parent and the Borrower, into the DIP Credit Agreement; and (ii) instruct the collateral agent under the Syndicated Facility Agreement to enter into the DIP Intercreditor Agreement (in each case as defined therein); and

(vi)    any other Loan Document (as defined in the DIP Credit Agreement),

in each case to be entered into in connection with the DIP Credit Agreement and the transactions contemplated thereunder (each a "**DIP Financing Document**" and collectively, the "**DIP Financing Documents**"), the making of the representations and warranties and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorised and approved in all respects, and that any Responsible Officer, who may act without the joinder of any other Responsible Officer, is hereby severally authorised, empowered and directed, in the name and on behalf of the Company, to execute and deliver any DIP Financing Document to which the Company is a party, with such changes therein and additions thereto as any such Responsible Officer, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of such DIP Financing Document with any changes thereto by the relevant Responsible Officer, to be conclusive evidence that such Responsible Officer deemed such changes to meet such standard.

(e)    In the case of any DIP Financing Document to be entered into as a deed:

    (i)    the Common Seal of the Company be affixed to such DIP Financing Document in accordance with the Constitution of the Company; or

    (ii)    any two directors of the Company, any director and the secretary of the Company or any director in the presence of a witness who attests the signature be and hereby is authorised, empowered and directed, in the name and on behalf of the Company, to execute such DIP Financing Document in accordance with section 41B of the Companies Act,

in each case, with such changes therein and additions thereto as any director(s) and/or secretary, in his or her discretion, may deem necessary, convenient, appropriate, advisable or desirable, the signing and/or countersigning of such DIP Financing Document with any changes thereto by the relevant director(s) and/or secretary, to be conclusive evidence that such director(s) and/or secretary deemed such changes to meet such standard.

(f)    The Shareholder Resolutions be and are hereby approved and the secretary of the Company be instructed to circulate the Shareholder Resolutions to the sole member for signature.

(g)    The form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Case, (ii) the DIP Financing Documents and (iii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, letters, notices, certificates, documents and instruments authorised, executed, delivered, reaffirmed, verified and/or filed in connection with the DIP Financing and the performance of obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved.

(h)    Each Responsible Officer, who may act without the joinder of any other Responsible Officer, is hereby authorised, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions and performance of, and to prepare, execute and deliver the DIP Financing Documents, in the name and on behalf of the Company under (subject to resolution 2(e)) its common seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the DIP Agent or by the DIP Credit Agreement and any other DIP Financing Documents.

(i)    The Company be, and hereby is, authorised to incur the obligations and to undertake any and all related transactions contemplated under the DIP Financing Documents including the granting of security thereunder.

(j)     Each Responsible Officer, who may act without the joinder of any other Responsible Officer, is hereby authorised to grant security interests in, and liens on, any and all property (including real property) of the Company as collateral pursuant to the DIP Financing Documents to secure the obligations and liabilities thereunder to the lenders under the DIP Credit Agreement and the Agent, and to authorise, execute, verify, file and or deliver to the Agent, on behalf of the Company, all agreements, documents and instruments required by the lenders in connection with the foregoing.

(k)     Each Responsible Officer, who may act without the joinder of any other Responsible Officer, is hereby authorised, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Responsible Officer's sole judgment, be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

(l)     Each Responsible Officer, who may act without the joinder of any other Responsible Officer, is hereby authorised, empowered, and directed, in the name and on behalf of the Company, to (subject to resolution 2(e)) execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of any DIP Financing Document which shall, in such Responsible Officer's sole judgment, be necessary, proper or advisable.

**III.     Retention of advisors**

(m)     The law firm of Weil, Gotshal & Manges LLP is hereby retained as counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval.

(n)     The law firm of Herbert Smith Freehills is hereby retained as counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval.

(o)     The firm of Moelis Australia Ltd is hereby retained as financial advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval.

(p)     The firm of FTI Consulting, Inc. is hereby retained for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval.

(q)     The firm of Kurtzman Carson Consultants LLC is hereby employed as claims, noticing and solicitation agent for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval.

**IV.     General authorisation and ratification**

(r)     Each Responsible Officer be, and each, acting alone, hereby is, authorised, empowered and directed, for and on behalf of the Company, to do and perform all such acts and things and enter into, execute, acknowledge, deliver and file all such certificates, agreements, acknowledgments, instruments, contracts, statements and other documents and to take such further actions as such Responsible Officer may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, with the taking of any such action by such Responsible Officer being conclusive evidence that the same did meet such standards as set forth above.

(s)     Any and all actions taken by any Responsible Officer or secretary of the Company prior to the date of adoption of the foregoing resolutions which would have been authorised by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and

each hereby is, ratified, approved, confirmed and adopted as a duly authorised act of the Company in all respects and for all purposes.

**Dated this 22 day of April 2020**

_____

DOMINIC THOMAS EDWARD GYNGELL

_____

GAURAV   RAMACHANDRAN IYER

each hereby is, ratified, approved, confirmed and adopted as a duly authorised act of the Company in all respects and for all purposes.

**Dated this 22 day of April 2020**

_____

DOMINIC THOMAS EDWARD
GYNGELL

GAURAV   RAMACHANDRAN
IYER

ill in this information to identify the case:

Debtor name: <u>SpeedCast Singapore Pte. Ltd.</u>

United States Bankruptcy Court for the <u>Southern District of Texas</u>

                                      (State)

Case number (*If known*): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed[1] | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction value of collateral or setoff | Unsecured claim |
| 1 | INTELSAT CORPORATION<br>PO BOX 847491<br><br>DALLAS, TX 75284-7491<br>US | 703 559 8230<br>Billing.Inquiries@Intelsat.com | Supplier | N/A | $ 44,842,908.91 | TBD | $ 44,842,908.91 |
| 2 | INMARSAT GLOBAL LIMITED<br>99 CITY ROAD<br><br>LONDON, EC1Y 1AX<br>UK | SHIRIN DHALA<br><br>44 207 728 1578<br>VALENTINA.TSIALIATIDOU@INMARSAT.COM | Supplier | N/A | $ 23,429,214.99 | TBD | $ 23,429,214.99 |
| 3 | New Skies Satellites B.V.<br>ROOSEVELTPLANTSOEN 4<br><br>THE HAGUE, KR 2517<br>NL | Francis Marquez-Credit/Collection Controller<br><br>+ 31 70 338 1997<br>francis.marquez@ses.com;<br>sanjeev.ramcharan@ses.com;<br>billing-nl@ses.com | Supplier | N/A | $ 3,086,233.22 | TBD | $ 3,086,233.22 |
| 4 | O3b Sales B.V.<br>Johan van Oldenbarneveltlaan 5<br><br>The Hague, 2582 NE<br>NL | Adam Ferneyhough-Accounts Receivable<br><br>+31 (0)70 711 6500<br>ruy.sarmiento@o3bnetworks.com;<br>billing@o3bnetworks.com;<br>adam.ferneyhough@ses.com | Supplier | N/A | $ 3,032,627.96 | TBD | $ 3,032,627.96 |
| 5 | THRANE AND THRANE A/S TRADING AS COBHAM SATCOM<br>Lundtoftegaardsvej 93 D<br><br>Kongens Lyngby, 2800<br>DK | 45 39 55 88 00<br>satcom.receivables@cobham.com | Supplier | N/A | $ 2,705,519.62 | TBD | $ 2,705,519.62 |

---

[1] The Debtors are continuing to review their books and records with respect to claims and whether such claims are contingent, disputed or unliquidated. The Debtors reserve all rights to amend the amounts and designations herein.

Debtor  SpeedCast Singapore Pte. Ltd.
_____    Case number (if known) _____
        Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed[1] | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction value of collateral or setoff | Unsecured claim |
| 6 | ASIA SATELLITE TELECOMMUNICATIONS COMPANY LIMITED 12/F, Harbour Centre Hong Kong, HK | +61 (02) 8870 1400 syeung@asiasat.com; rtong@asiasat.com | Supplier | N/A | $ 2,513,879.94 | TBD | $ 2,513,879.94 |
| 7 | Intellian Technologies USA, Inc. 11 STUDEBAKER IRVINE, CA 92618 US | Julia Kim-Accountant +1-949-727-4498  ext. 1111 julia.kim@intelliantech.com; accounting.us@intelliantech.com | Supplier | N/A | $ 2,074,106.16 | TBD | $ 2,074,106.16 |
| 8 | McKinsey & Company Inc 555 California Street Suite 4800 SAN FRANCISCO, CA 94104 US | +1 415 981 0250 | Professional Services | N/A | $ 1,950,000.00 | TBD | $ 1,950,000.00 |
| 9 | APT Satellite Company Limited 22 Dai Kwai Street, Tai Po Industrial Estate Hong Kong, HK | (852) 2600 2100 christine@apstar.com | Supplier | N/A | $ 1,795,166.00 | TBD | $ 1,795,166.00 |
| 10 | Eutelsat Asia Pte. Ltd. 8 Temasek Boulevard #15-02 Suntec Three Tower Singapore, 018981 SG | Mervyn EU ZHI YONG (65) 6808 2088 lngszeyim@eutelsat.com | Supplier | N/A | $ 1,774,390.14 | TBD | $ 1,774,390.14 |
| 11 | SES Government Solutions, Inc 11790 Sunrise Valley Drive, Suite 300 RESTON, VA 20191 US | Sefika Toker-AR Administrator (703) 610-0977 (571) 294-5132 sefika.toker@ses-gs.com; emily.mosso@ses-gs.com | Supplier | N/A | $ 1,540,798.40 | TBD | $ 1,540,798.40 |
| 12 | Satélites Mexicanos, S.A. de C.V. Avenida Paseo de la Reforma No. 222 Piso 20 y 21 MEXICO, ME 6600 MX | +52 (55) 2629 5800 jonathan.cortez@eutelsat.com | Supplier | N/A | $ 1,443,546.06 | TBD | $ 1,443,546.06 |
| 13 | INMARSAT SOLUTIONS B.V LOIRE 158-160, ENTRANCE B THE HAGUE,  2491 AL NL | +1 709 748 4280 AR.Inquiries@inmarsat.com | Supplier | N/A | $ 1,384,472.78 | TBD | $ 1,384,472.78 |

Debtor   SpeedCast Singapore Pte. Ltd.

Name

Case number (if known)

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed[1] | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction value of collateral or setoff | Unsecured claim |
| 14 TELESAT CANADA<br>1601 Telesat Court<br><br>OTTAWA, ON K1B5P4<br>CA | 613 748 0123<br>mvinnakota@telesat.com | Supplier | N/A | $ 1,275,304.79 | TBD | $ 1,275,304.79 |
| 15 Eutelsat S.A.<br>70 Rue Balard<br><br>PARIS,  75015<br>FR | Mervyn Eu zhi yong<br><br>+33 15398 4747;+33 1 53 983752<br>credit@eutelsat.com;<br>hzared@eutelsat.com;<br>victor.perez@eutelsat.com | Supplier | N/A | $ 1,224,044.70 | TBD | $ 1,224,044.70 |
| 16 SEATEL INC.<br>PO BOX 100749<br><br>ATLANTA, GA 30384-0749<br>US | Sabine Brunner-Accounts Receivable<br><br>1 (925) 798 7979<br>Sabine.Brunner@cobham.com;<br>satcom.concord.ar@cobham.com | Supplier | N/A | $ 1,175,044.53 | TBD | $ 1,175,044.53 |
| 17 Iridium Satellite LLC<br>1750 Tysons Blvd, Suite 1400<br>McLean, VA 22102<br>US | 1.703.287.7400<br>Wouter.Deknopper@iridium.com | Supplier | N/A | $ 876,998.59 | TBD | $ 876,998.59 |
| 18 Sky Perfect JSAT Corp<br>1-14-14- Akasaka, Minato-Ku, Tokyo<br><br>TOKYO, 107-0052<br>JP | Ken Kunita<br><br>81 3 5571 7770/ +852 3157 0722<br>kunita-ken@sptvjsat.com | Supplier | N/A | $ 744,978.25 | TBD | $ 744,978.25 |
| 19 AIRBUS DEFENCE AND SPACE LTD<br>Gunnels Wood Road<br><br>STEVENAGE, HERTS SG1 2AS<br>GB | 44 (0) 1438 282828<br>kelly.hawkes@airbus.com;<br>mark.mclauchlan@airbus.com | Supplier | N/A | $ 673,000.01 | TBD | $ 673,000.01 |
| 20 Cobham Satcom<br>Lundtoftegaardsvej 93D<br><br>Kongens Lyngby,  2800<br>DK | 6567952205<br>Geoff.Allsop@cobham.com;liga.liu<br>@cobham.com | Supplier | N/A | $ 636,857.48 | TBD | $ 636,857.48 |
| 21 AT&T<br>PO BOX 105414<br><br>ATLANTA, GA 30348-5414<br>US | Shaun Feimster<br><br>800 724 9198<br>sf1615@att.com;<br>brm-qa@cctools.att-mail.com | Supplier | N/A | $ 597,526.57 | TBD | $ 597,526.57 |
| 22 Globalstar USA<br>1351 Holiday Square Blvd<br><br>Covington, LA 70433<br>US | Jennifer Plaskus-Credit & Collections Supervisor<br><br>1-985-335-1534<br>jennifer.plaskus@globalstar.com | Supplier | N/A | $ 510,038.21 | TBD | $ 510,038.21 |

Debtor ___SpeedCast Singapore Pte. Ltd._____   Case number (if known) _____
          Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed[1] | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction value of collateral or setoff | Unsecured claim |
| 23 | Vodafone Fiji Ltd 168 Princes Road Tamavua, Suva, FJ | +64 21 361 063 (679) 331 2000 nazmin.nisha@vodafone.com | Supplier | N/A | $ 492,655.17 | TBD | $ 492,655.17 |
| 24 | TELESAT INTERNATIONAL LIMITED 4th. Floor, 80 Petty France London, SW1H 9EX GB | 1-(908) 470-488 wmccabe@telesat.com | Supplier | N/A | $ 488,861.50 | TBD | $ 488,861.50 |
| 25 | RUSSIAN SATELLITE COMMUNICATIONS COMPANY 3A Bld,1, Nikoloyamskiy per. Moscow, 109289 RU | 495 730 04 50 sco@rscc.ru | Supplier | N/A | $ 426,832.12 | TBD | $ 426,832.12 |
| 26 | COMTECH EF DATA LOCKBOX 9651 PO BOX 70280 PHILADELPHIA, PA 19176 US | Phil Lester-Credit Manager 1 480 333 2200 plester@comtechefdata.com; smorris@comtechefdata.com | Supplier | N/A | $ 417,276.00 | TBD | $ 417,276.00 |
| 27 | Telstra International 10, 11, 13, 14, 19/F TELECOM HOUSE, 3 GLOUCESTER ROAD WAN CHAI, HK | 852 2983 3388 TGBilling@team.telstra.com | Supplier | N/A | $ 380,316.30 | TBD | $ 380,316.30 |
| 28 | LEVEL 3 COMMUNICATIONS PO BOX 910182 DENVER, CO 80291-0182 US | Michael Santschi 602 512 2513; 800-871-9244 michael.satnschi@centurylink.com ; Billing@centurylink.com | Supplier | N/A | $ 376,906.28 | TBD | $ 376,906.28 |
| 29 | TAMPNET UK LTD 38 Carden Place ABERDEEN, AB10 1UP GB | 44 7467950265 finance.uk@tampnet.com | Supplier | N/A | $ 357,179.52 | TBD | $ 357,179.52 |
| 30 | INTELSAT GLOBAL SALES AND MARKETING LTD. BUILDING 5, CHISWICK PARK 555 CHISWICK HIGH ROAD LONDON, WV W4 5YF GB | +44 20 3036 6700, billing.inquiries@intelsat.com | Supplier | N/A | $ 338,210.00 | TBD | $ 338,210.00 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **SPEEDCAST INTERNATIONAL** | § | |
| **LIMITED,** *et al.,* | § | **Case No. 20-_____ (___)** |
| | § | |
| Debtors.[2] | § | |
| | § | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT
TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in SpeedCast International Limited ("**Parent**") and its affiliated debtors (the "**Non-Parent Debtors**"), as proposed debtors and debtors in possession (collectively, the "**Debtors**").   The Debtors respectfully represent as follows:

1.      Each Debtor listed in **Exhibit A** is 100% owned by its direct parent unless otherwise noted.

2.      Parent is the ultimate parent company of each of the Non-Parent Debtors, and directly or indirectly owns a 100% equity interest in each of the Non-Parent Debtors.

3.      Equity in Parent is represented by ordinary shares, 14.01% held by Portsea Asset Management, 9.90% held by DS Investments, 6.02% held by Perennial Value Management, 5.61% owned by affiliates of The Goldman Sachs Group Inc., 5.23% held by Crown Ocean Capital, and 59.23% widely held by other shareholders in the aggregate.

---

[2]  A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.kccllc.net/speedcast. The Debtors' service address for the purposes of these chapter 11 cases is 4400 S. Sam Houston Parkway East, Houston, Texas 77048.

## Exhibit A

**Organizational Chart**

**Speedcast Group Structure**
**As of 22, April 2020**



Legend

- Debtor Entity (shaded)
- Non-Debtor Entity (white)
- • Indicates that remaining or entire ownership interest is held by non-Speedcast entit(ies).
- * Indicates that one share of such entity is held by non-Speedcast entit(ies).
- ** Indicates that less than 2% of ownership interests are held by another Speedcast entity.

Organizational chart:

- SpeedCast Americas Inc.
  - Ultisat Inc.
    - Globecomm Systems, Inc.
      - Globecomm Services Maryland LLC
      - ProTechnic Corp.
      - Melat Networks Inc.
      - Speedcast Wireless LLC
      - TravelComm LLC
  - HCT Acquisition, LLC
    - Cosmos Holdings Acquisition Corp.
      - Globecomm License Sub LLC
      - Globecomm Network Services Corporation
        - Globecomm International LLC
          - DKH Holdings C.V.
            - DKH International LLC
              - Globecomm Cooperatief U.A.** (99%)
                - Globecomm Holdings B.V.
                  - Globecomm Europe B.V.
            - Globecomm International Limited
            - Evolution Communications Group Limited
        - Globecomm Asia Pte Ltd

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| SPEEDCAST SINGAPORE PTE. LTD., | § § | Case No. 19-_____(____) |
| Debtor. | § § § | |

## LIST OF EQUITY HOLDERS

Pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having an equity ownership interest, in the above- captioned debtor in possession.

| Name and Last Known Address of Equity Interest Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| SpeedCast International Limited Unit 4F Level 1, 12 Lord Street, Botany, NSW 2019, Australia | Ordinary Shares | 71.0% |
| SpeedCast International Limited Unit 4F Level 1, 12 Lord Street, Botany, NSW 2019, Australia | Preferred Shares | 29.0% |

**Fill in this information to identify the case and this filing:**

Debtor name: <u>SpeedCast Singapore Pte. Ltd.</u>

United States Bankruptcy Court  for the: <u>Southern District of Texas</u>
(State)

Case number (*If known*):  _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    **12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* ____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ *Other document that requires a declaration* <u>Consolidated Corporate Ownership Statement and List of Equity Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>04/ 23 / 2020</u>
MM / DD / YYYY

**x**  <u>/s/ Michael Healy</u>
Signature of individual signing on behalf of debtor

<u>Michael Healy</u>
Printed name

<u>Chief Restructuring Officer</u>
Position or relationship to debtor